Number of pages ___ 23
Received on ___ 10/6/2022
Scanned/emailed on ___ 10/6/2022
by S. Tomlinson at ___ SVSP
for the Northern District of California.

Plaintiff's Name __Tracye B. Washington__

Prisoner No. __T-81075__

Institutional Address __P.O. Box 1050__

__Soledad Ca. 93960__

FILED

Oct 11 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

__TRACYE BENARD WASHINGTON__

*(Enter your full name)*

v.

__J. Serrato__

__E. Guijarro__

__B. AKIN__

__C. DIAZ__

*(Enter the full name(s) of all defendants in this action)*

Case No. __22-cv-05832-BLF__

*(Provided by the clerk upon filing)*

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement __Salinas Valley State Prison Soledad CA.__

B. Is there a grievance procedure in this institution?   ☑ YES   ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure? ☑ YES   ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: __NA__
__N/A__
__N/A__

2. First formal level: __Issue given to "outside" agency No need to go to final level. Sent to final level anyhow log # 270800__

3.  Second formal level: _____ N/A _____
    _____ N/A _____
    _____ N/A _____

4.  Third formal level: _recieved response September 2022 # 270800_
    _____
    _____

E.  Is the last level to which you appealed the highest level of appeal available to you?
    ☒ YES          ☐ NO

F.  If you did not present your claim for review through the grievance procedure, explain why.
    _____ N/A _____
    _____ N/A _____
    _____ N/A _____

## II. Parties.

A.  If there are additional plaintiffs besides you, write their name(s) and present address(es).
    _____ N/A _____
    _____ N/A _____
    _____ N/A _____

B.  For each defendant, provide full name, official position and place of employment.
    J. Serrato, Correctional officer, Salinas Valley State Prison
    E. Guijarro, Correctional officer, Salinas Valley State Prison
    B. AKIN, Correctional Sergeant, Salinas Valley State Prison
    C. Diaz, Correctional officer, Salinas Valley State Prison
    _____

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached
_____
_____
_____
_____

See ATTAched

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want
the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

See ATTached

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   10/04/22
               *Date*                           *Signature of Plaintiff*

## STATEMENT OF CLAIM

On the date of June 19th 2022, the Plaintiff, Tracye Benard Washington aka Tracey Bernard Washington, was a prisoner of the state of California, California Department of Corrections and Rehabilitations (CDCR). He was housed at Salinas Valley State Prison (SVSP).

On June 19th 2022, housing Unit C4 Correctional officer J. Serrato, passed out lunches for the lower tier in C4 at approximately 0615 hours. The Plaintiff was housed in unit C4 Cell No. 111, which is a specially designed cell within the General Population housing Unit, to accomodate Plaintiff's Physical disability (hand rails) and his wheelchair.

On June 19th 2022, which was a Federal Holiday; Juneteenth, officer Serrato did not stop at Plaintiff's cell door, did not verbally notify him, and did not place a lunch box on his food port in the daily normal routine of feeding.

3

Approximately 30 minutes later, when the hot carts were brought into the Plaintiff's section of the housing unit; B-Section, where the culinary Inmate Workers would prepare the food trays after-which housing unit guards would go to each cell door and issue each prisoner therein their meal, the Plaintiff was not issued his breakfast meal 1/

On June 19th 2022, at approximately 1315 hours, Plaintiff overheard the sound of multiple cell doors opening in the housing unit. When he got into his wheelchair and ambulated to his cell door a few minutes there-after, he observed officer Serrato and officer C. Diaz standing in the B-Section dayroom, supervising the release of prisoners believed to be heading out for medication line. Plaintiff had his cell light on at this time.

---

1/ The Plaintiff recieves a religous diet meal. His three meals issued each day are served absent of and substituted of items containing pork Halal or Religious meal Alternative (RMA).

4

While prisoners were still exiting the section heading out of the unit, officer Serrato walked directly over to Plaintiff's cell door as he sat in his wheelchair at his cell door.

Once at Plaintiff's cell door, officer Serrato stated, "What's up, Washington." Plaintiff responded, "You already know what's up." The Plaintiff then went further and stated to officer Serrato that he needed to stop messing with him; refusing to feed him, hitting on his door, whistling at him and damaging his cell electrical and plumbing system. 2/

officer Serrato's reply was, "Are you feeling ill, do you need medical attention?" By this time officer Diaz had came to the cell door and was standing near Serrato.

2/ These events had been occuring since the Easter Holiday 2022. When Serrato first refused to bring my breakfast and did so only afer I banged on the cell door for several minutes. He then brought my meal and stated, "Don't be banging on my door." On May 4th or 5th (Friday) a day earlier my cell lights would not cut off but would instantly cut on each day at 0600 hours. On Friday at 1400 hours Serrato would whistle every time he passed my cell door in a sexual or "whistleblower" innuendo. later that evening with no light I was transferring from my bed to my wheelchair CONT..

5

When Plaintiff Was asked if he needed medical attention by Officer Serrato, he stated, "Yes."

Plaintiff believed Officer Serrato Was being sarcastic with his question because Plaintiff had made three prior requests for medical attention; December 2021, April 2022, and May 2022, of which Officer Serrato Was present and which Was related to symptons steming from mental and physical abuse.

Officer Serrato and Officer Diaz, then walked away from Plaintiff's cell door and left the section,

When both officers had left Plaintiff's cell door Plaintiff Wheeled himself back to the rear of his cell as far as his wheelchair could go, touching the cells bunk, at which time he proceeded to Watch television on his personal television. 3/.

2/ the wheelchair slid across the floor, Plaintiff fell on the floor into a cell floor covered in Water. He could not see that the cell Was flooded due to his impaired Vision from Glaucoma Lower Vision 20-200/20-100. Plaintiff Was taken to the outside Hospital for X-Rays to his head. It took a mouth to fix Plumbing and lights. Plaintiff had always blamed Officer Serrato for this being done.

3/ Plaintiff had cut his cell light off also. The light switch being near the cell door.

6

Momments later, Plaintiff looked towards his cell door and saw the figure of Officer Serrato standing in front of his cell door along with the figuer of Correctional Sergeant Akin 4/

Plaintiff heard Sergeant Akin say, "Cut on your light." Simultaneously Plaintiff's cell door started to open. Plaintiff saw Officer Serrato standing square in front of his cell. He begin to yell, put the weapon down, get down. Simultaneously Plaintiff was pepper-sprayed

The streams of pepper-spray hit Plaintiff directly in his face as he set in his wheelchair. The streams of pepper-spray continued for an exceedingly long period of time. The Plaintiff was blinded and incapacitated, just sitting in his wheelchair having made NO movements.

4/ Plaintiff was familiar with Sergeant Akin from an incident the day before Easter 2022 when he arrived on the unit with numerous lower ranking guards when Plaintiff sought medical attention after hyper-ventilating during a confrontation at his cell door and Sergeant Akin had his cell door opened and allowed Plaintiff to maneuver out of his cell on his own power in his wheelchair. And again on May 4th 2022 when he fell in his cell. Sergeant Akin had grabbed Plaintiff's legs one at a time and "threw" them onto the gurney, being upset at Plaintiff's repeated medical complaints. He was also present on June 1, 2022 when Plaintiff placed his wheelchair between the cell door cont....

7

Plaintiff then felt Someone place their hands on the back of off his neck and push forward, The pushing caused Plaintiff's head to fold into his lap and he somehow coming out of his wheelchair. and falling towards the concrete pavement.

As Plaintiff was falling he felt more hands gripping him and he felt himself being struck in his left rib cage area.

When he was on the floor proned-out on his stomach Plaintiff felt himself being pulled to the right and then Someone on top of him striking him, kneeing him on his left side.

Plaintiff then had his hands cuffed behind his back and was dragged forward by his handcuffed arms.

4/ When officer Serrato told the Control booth to open his cell door at exercise yard recall as prisoners were entering the section. Plaintiff did not go to the yard and had never went to the exercise yard since being at SVSP; there was no reason to open his door, but as a means of intimidation, Sergeant Akin came to the Unit and he, Serrato and Diaz consulted Plaintiff. Diaz issued him a Rule Violation report for delaying an officer which was reduced to a counseling chrono by the Disciplinary hearing officer.

When the dragging stopped, Plaintiff was placed in a sitting position with his hands behind his back in restraints. There were two (2) hands around plaintiff's neck as he sat.

Plaintiff, who was unable to see, told whomever was holding onto his neck to "get your hands off my neck". Plaintiff had to say this several times before the hands were removed from his neck.

Inmates in the section soon-there-after began to protest out loud about how Plaintiff was being treated, and stated that they were doing this because this was a Black Holiday; Juneteenth the day the Black Americans celebrate the end of Slavery in the United States. 5/

5/ It should be noted that Salinas Valley State Prison has an employee workforce of predominantly Hispanic, Mexican national and white and that there is a culture of race-prejudice against black prisoners at SVSP which has resulted in the use of extraordinary uses of force against black prisoners, discriminatory treatment and a cultural disconnect unfavorable to black inmates at SVSP.

9

After being seated on the floor for several minutes plaintiff was placed in a wheelchair - not his - Plaintiff's begin to feel the effects of the pepper-spray burning his skin - he did not have on a shirt - and he was feeling disoriented and suffering from breathing difficulties  6/

Plaintiff fell out of the wheelchair. His hands were cuffed behind his back at the time.

When Plaintiff fell out of the wheelchair, he overheard someone call out "Medical emergency" and he then heard the audible Unit alarm being sounded. 7/

6/ Plaintiff suffers from Asthma, COPD, Glaucoma, flaccid Paralysis and Chronic Kidney Disease and osteoarthritis He is classified as a "High" "Medical" "Risk" prisoner. He is 57 years of age and a Black male with a history of mental illness.

7/ In contrast here, there was no claim of, nor sounding of an alarm for medical emergency when Sarreto, Akins and other staff initially approached and opened Plaintiff's cell door.

10

Medical Soon arrived on the scene and begin to attend to Plaintiff. He was placed on a gurney and taken by Ambulance to the prisons Correctional Treatment Center (CTC) Triage Treatment Area (TTA)

While in TTA plaintiff yelling out in pain. His skin was burning, his eyes were burning, his side at his left rib cage area was hurting and he could not properly breathe in air.

Water was poured over plaintiff's face, hair and back to try to ease the burning sensation. His clothing which was soaked In pepper-spray (i.e., shorts, boxers, shoes and socks) was removed and exchanged for a jumpsuit. He was put on Oxygen.

About an hour later Plaintiff was transferred to Natividad Hospital Emergency trauma center. When he arrived he was held at the hospital entrance door. Transportation officers and Hospital Staff were consulting for a few minutes before Plaintiff was Informed that the Hospital would not admit him until he washed the pepper-spray off of his body.

11

Plaintiff was wheeled into a nearby shower and with the assistance of one of the transportation officers, he was rinsed off with soap and water.

Plaintiff was taken for a CAT SCAN. His blood was drawn and his vitals were taken.

The Doctor later came to see Plaintiff and informed him that he had a broken left rib. The Nurse informed Plaintiff that he had low potassium levels and needed to eat bread more often. 8/

The Nurse gave Plaintiff a intravenous dose of Fentynal for his pain.

8/ Plaintiff diet had gotten poor because after officer Serrato told him not to bang on his door as in in April 2022 Plaintiff would not take a meal if it was served to him by Serrato who took exceptional measures at being the one officer to bring his tray out of 4 to 5 officers who helped pass out the meals. In June 2022 Plaintiff began to accept all his meals but Serrato would by-pass his cell door. Plaintiff had been documenting the accounts of this complaint with letters to the prison law office (PLO) www.prisonlaw.com.

12



When Plaintiff returned to the prison approximately four hours later, he was taken back to his cell in C4. He was informed that he was on "Ad-Seg" status awaiting a wheelchair accessible cell in Ad-Seg. The cell had been cleaned and all of Plaintiff's personal property had been removed.

On June 20, 2022, Plaintiff was seen by the Facility Counselor II who informed him that he would be going to Ad-Seg and was being charged with Battery on 3 Peace officers. That officer Serrato made a claim that Plaintiff threw his wheelchair leg at him when the door opened and after being pepper-sprayed by Serrato, Akin and Guijarro and they rushing into the cell, he hit Serrato in the face as Serrato was attempting to subdue him as he sat in his wheelchair; having never moved out of it throughout the entire spraying.

Plaintiff was placed in Ad-seg on June 20, 2022.

While in Ad-Seg for at least a month the Plaintiff was in so much pain as a result of his broken rib, he could not sleep or move without the pain getting worse.

13

He was told by the Ad-Seg Nurse that there was nothing that they could do for a broken rib but let it heal for about six weeks and that all he could get for pain was Tylenol.

When Plaintiff recieved his Copy of ~~the incident report~~ and Rule Vilolation Report (RVR) of the June 19th 2022 incident he noted that one of the officers who was involved in the pepper-spraying and use of excessive force inside of the cell was an officer named Guijarro.

Guijarro did not Work in housing unit C4. He was assigned to Housing Unit C3.

On December 24th 2021, officer Guijarro had tipped Plaintiff out of his wheelchair after handcuffing him and pushing him at a fast pace.

Plaintiff had Complained about staff leaving his door open with him inside during COVID-19 protocols and officer Guijarro who at that time did Work in C4 had retaliated by

14.

searching Plaintiff's cell when he went to medication line the same day and Confiscating his television, when Plaintiff returned to see Officer Guijarro in his cell, he threatened to go and tell his Supervisor, which caused Guijarro to run out of Plaintiff's cell and stop him from leaving the unit. Handcuffing and pushing out of his cell    9/

Guijarro was soon-there-after reassigned to another post

On June 1, 2022, Guijarro arrived at Plaintiff's cell along with Sergeant Akin, Officer Serrato and Officer Diaz when Plaintiff door was ordered open at exercise yard recall by officer Serrato and Plaintiff held the door open. Officer Guijarro at this time told plaintiff, rather stated, " You got Safety Concerns ' out loud over the tier.

9/ This incident is currently the subject of a 42 U.S.C, Section 1983 civil Rights action recently filed.

15

## CLAIMS FOR RELIEF

1.  Defendant Serretto is a correctional officer employed at Salinas Valley State Prison (SVSP) California Department of Corrections (CDCR) located in Soledad, California

He is sued in his individual and official capacity and is accused of violating Plaintiff's Eight Amendment Rights by using illegal and excessive force for pepper-spraying Plaintiff without cause or provocation and assaulting Plaintiff in concert with Defendants Guijarro and Akins which caused Plaintiff to suffer a serious Bodily Injury.

Defendant Serreto is also sued under the Americans With Disabilities Act (ADA), 504 of the Rehabilitations Act. for his physical abuse and Mental abuse of of Plaintiff by his being pulled out of his wheelchair in The cell, dragged across the floor and placed in a wheelchair with his hands cuffed behind his back causing him to fall out of the wheelchair

Plaintiff further makes a claim that Defendant Serreto in conspiracy with Defendants Guijarro, Akin and Diaz Committed the acts of June 19th 2022 in violation of the 1965 Civil Rights Act i.e., that a motive for their actions Was Racial prejudice.

Defendant Guijarro is a correctional officer employed at Salinas Valley State Prison, California Department of Corrections and Rehabilitations (CDCR) located in Soledad California.

Defendant Guijarro is being sued in his individual and official capacity for Violating Plaintiff's Eighth Amendment Rights. He is accused of using excessive and illegal force when he pepper-sprayed Plaintiff without Just Cause or provocation, when he acted in concert and conspiracy with Defendants Serrato and Akin and Diaz, to Assault and seriously injure Plaintiff He is also sued for Violation of Plaintiffs rights under the Americans With Disabilities Act (ADA), 504 Rehabilitation Act
He is also sued for Violation of the 1965 Civil Rights act on Grounds that his actions were motivated by racial prejudice.

17

Defendant B. AKIN, is an correctional Sergeant employed at Salinas Valley State Prison, California Department of Corrections and Rehabilitations He is sued in his individual and official Capacity, for violation of Plaintiff's Eight Amendment Rights under the u.s. Constitution for using illegal, unnecessary and excessive force on Plaintiff when he ordered Plaintiff's cell door to be opened and immediately and without cause or provocation pepper-sprayed Plaintiff, discharging an entire Cannister on Plaintiff as plaintiff sat at the rear of his cell in his wheelchair. He is also charged with acting in Concert with Defendents Serrato, Guijarro and Diaz in using unnecessary and excessive force causing serious bodily Injury to Plaintiff. He is Charged with Conspiracy to have Plaintiff injured with Defendents Serrato, Guijarro and Diaz. He is charged with falsifying documents to cover up his and the other defendents culpability in the claims herein by reviewing and approving the individual Crime/incident reports made by himself and Defendents, Serrato, Guijarro and Diaz, as the highest ranking officer present during the incident and gatherer of evidence in this incident. He is accused of violation of Plaintiff's Rights under the Americans with Disability Act (ADA), 504 Rehab. Act. for his concerted Abuses described in this Complaint. He is Accused of violation of Plaintiff's civil Rights on grounds that the Defendents actions were Motivated by race prejudice.

18

Defendant C. Diaz, is a Correctional officer employed at salinas Valley State Prison, California Department of Corrections and Rehabilitation. located in Soledad California.

She is sued in her individual and official capacity for Violating Plaintiff's Eight and fourteenth Amendment Rights for Deliberate Indifference to the illegal, unnecessary and excessive force being used on Plaintiff; for failing to Intervene. She is accused of Conspirering to have Plaintiff Assaulted with Defendants, Serrato, Akin and Guijarro. She is accused of filing a false report of the incident which she stated therein that Plaintiff threw a wheelchair leg at Defendant Serrato when all the Defendants had admitted that they could not see inside of the cell and she herself was in no position to state such a claim. She is accused of violating of Plaintiff's Civil Rights on grounds that her actions were motivated by race prejudice.

DAMAGES SOUGHT

Defendant! J. Serrato ☒ 500,000.00    ( five hundred Thousand )

Defendant! Akin $ 500,000.00    ( five hundred thousand )

Defendant! Guijarro $ 500,000.00    ( five hundred thousand )

Defendant! Diaz $ 150,000.00    ( one hundred fifty thousand )

Punitive Damages! $ 5,000,000.00    ( five Million )

## INJUNCTIVE RELIEF

Immediate restraining order all Defendants enjoining them from:

(1) mentally or physically abusing Plaintiff.

(2) soliciting and/or eliciting any person, guard or prisoner to mentally or physically abuse Plaintiff, threaten Plaintiff, assail against Plaintiff on their behalf.

(3) Retaliate against Plaintiff by housing or transferring him to a prison or facility which does not correspond to his High Risk medical Needs and his disability needs but clearly done out of reprisal for filing this claim against a CDCR employee.

(4) An order that Salinas Valley State Prison comply with United State District Judge Claudia Wilkin order that CDCR guards be fitted with body Worn Cameras and that Surviellance Cameras Installed at SVSP during the last eight Months be activated without further delay (see: Armstrong V. Newsom U.S.D.C. ND Cal. Modification order(s) Dated 7-8-20 and April-May 2021 ordering body Cameras and CDCR New regulations that Body Cameras be utilized. SVSP was supposed to have activated its newly installed Surveillance Cameras in July 2022 but to date had not done so.

20

## ADDITIONAL INFORMATION AND FACTS

Based upon The Plaintiff's observations and beliefs, Defendants Serrato, Guijarro, AKIN and Diaz are all apart of rogue group of Salinas Valley State Prison Correctional officers who are Corrupted and engage in collusion with prisoners to have Inmates on the Facility beaten, stabbed, killed and oppressed. In exchange for minor privileges and perks, In likeness to the Notorious "Greenwall" Prison guards of Salinas Valley State Prison. These defendants act aggressively towards prisoners, especially Black prisoners, and demand respect on pains of being attacked by proxy guards i.e., inmates under their malicious and sadistic mind control. Defendants Serrato, Diaz and Guijarro all worked in housing UNIT C4 in 2021-2022 where between May 2022 and August 2022 two prisoners were killed and another stabbed; others beaten. C4 was the most Violent-prone housing UNIT in 2022. These defendants use their badge of Authority To orchestrate, set-up and promote Violence They time ducats-passes to have Inmates attacked at designated locations. The have cell doors opened in order that Inmates can enter and Assault the occupants. They Take and destroy the personal property of Inmates who are disobedient to their irrational demands.

21

The Plaintiff filed an Administrative Appeal regarding the claims raised in this complaint on June 20, 2022. It was logged in SVSP Appeals as No. 270800.

The prison Appeals notified Plaintiff that his Appeal would be considered "Exhausted" without need for a final level as the matter was being handed over to an outside agency for Investigation (i.e, Office of Internal Affairs) Plaintiff sought final level of Appeal despite this and recieved notice dated August 24, 2022 that the Appeal was being rejected at final level for "Contravening the regulatory framework for the grevence."

Plaintiff had a use of force - with serious bodily Injury Video taped interview with the facility C, Lieutant on June 20th 2022.

## VERIFICATION

I, Tracue Benard Washington, declare under penalty of perjury that the foregoing is true and correct dated this 29th day of September, 2022, at Soledad, California

/s/ Trace Wash
Plaintiff In pro se

22

# CIVIL COMPLAINT