UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACYE BENARD WASHINGTON,

    Plaintiff,

v.

J. SERRATO, et al.,

    Defendants.

Case No. 22-cv-05832 BLF (PR)

**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP") where he was formerly housed. Dkt. No. 1-1. He has since been moved to Kern Valley State Prison. Dkt. No. 6. Plaintiff has paid the filing fee. *Id.*

## DISCUSSION

**I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

## II.  Plaintiff's Claims

The events underlying this complaint occurred at SVSP, and involved Correctional Officers J. Serrato, E. Guijarro, C. Diaz, and Sgt. B. Akin. Dkt. No. 1-1 at 2, 4. On June 19, 2022, Plaintiff claims he had a short but antagonistic exchange with Officers Serrato and Diaz regarding various complaints. *Id.* at 6-7. Moments later, Defendants Serrato came to Plaintiff's cell with Sgt. Akin, and began pepper-spraying Plaintiff, hitting him directly in the face and continuing "for an exceedingly long period of time." *Id.* at 8. Plaintiff was sitting in his wheelchair at the time. *Id.* Then Plaintiff felt someone, who was later identified as Officer Guijarro, place their hands to the back of his neck and push forward, causing him to fall to the floor. *Id.* at 9, 14. As he was falling, Plaintiff was

struck in his left rib cage area. *Id.* at 9. He was then handcuffed behind his back and dragged forward by his arms. *Id.* Plaintiff was taken to the prison's Triage Treatment Area, and then an hour later, taken to Natividad Hospital Emergency Trauma Center for treatment. *Id.* at 12. Plaintiff returned to prison approximately four hours later and was informed that he was on "ad-seg" status; his cell had been cleaned out and all his personal property had been removed. *Id.* at 14.

The next day, June 20, 2022, Plaintiff was informed that he was being charged with battery on a peace officer based on Officer Serrato's claim that Plaintiff threw his wheelchair leg at him when his cell door was opened and that Plaintiff had struck Officer Serrato in the face as he was attempting to subdue Plaintiff in his wheelchair. *Id.* Plaintiff was placed in ad-seg that day. *Id.* The Rules Violation Report ("RVR") was prepared by Officer Diaz. *Id.* at 20.

Based on these allegations, Plaintiff claims the following: (1) he was subject to excessive force under the Eighth Amendment; (2) his rights under the American with Disabilities Act ("ADA") and the Rehabilitation Act were violated; (3) Defendants conspired to assault him; and (4) his rights under the 1965 Civil Rights Act were violated based on racial prejudice. Dkt. No. 1-1 at 17-20. Plaintiff seeks damages and injunctive relief in the form of body cameras on SVSP guards. *Id.* at 20-21. Plaintiff also seeks a restraining order. *Id.* at 21.

### A. Excessive Force

Plaintiff claims Defendants Serrato, Guijarro, and Akin used unnecessary and excessive force against him when they pepper-sprayed him without cause or provocation, causing serious bodily injury. Dkt. No. 1-1 at 17-19.

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth

3

Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

Liberally construed, Plaintiff states a cognizable excessive force claim based on the unjustified force by Defendants Serrato, Guijarro, and Akin.

B. **ADA and Rehabilitation Act**

Plaintiff claims Defendants are liable for violating his rights as a disabled person under the ADA based on the incident.

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701 et seq., prohibit discrimination against an otherwise qualified individual based on his or her disability. "The [RA], the precursor to the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." *Calero-Cerezo v. U.S., Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). "There is no significant difference in analysis of the rights and obligations created by the ADA and the [RA]," *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999), and courts routinely look to RA case law to interpret the rights and obligations created by the ADA, *see, e.g., Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 n. 3 (9th Cir.1995) ("The legislative history of the ADA indicates that Congress intended judicial interpretation of the Rehabilitation Act be incorporated by reference

4

when interpreting the ADA.").

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a disability." 42 U.S.C. § 12132. In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1).

In order to obtain relief under either the ADA or RA, a plaintiff must show (1) that he is disabled within the meaning of the act, (2) that he is "otherwise qualified" for the services sought, (3) that he was excluded from the services sought solely by reason of his disability, and (4) that the program in question receives federal financial assistance (for an RA claim), or is a public entity (for an ADA claim). *See, e.g., Zukle*, 166 F.3d at 1045.

Plaintiff asserts that he has a physical disability which necessitates the use of handrails and a wheelchair, which satisfies the first element. Dkt. No. 1-1 at 4. However, there are no allegations to establish the remaining elements, *i.e.*, that Plaintiff was excluded from or denied the benefits of any service, program, or activity of the prison solely based on his disability. Nor has Plaintiff stated an RA claim where there are no allegations that he was denied a service and that service receives federal funds. Furthermore, the appropriate Defendants for an ADA/RA is the specific program (RA claim) or the public entity (ADA) which is responsible for compliance with the ADA/RA, not individual officers. Lastly, Plaintiff indicates that he is seeking damages and injunctive relief in the form of body cameras on SVSP guards. Dkt. No. 1 at 3. Under Title III of the ADA (public accommodations and services operated by private entities), equitable relief in the form of an injunction is the only remedy available to private parties. *See Antoninetti v. Chipotle Mexican Grill*, 614 F.3d 971, 980-81 (9th Cir. 2010) (leaving

open the question whether a court that finds a violation of Title III can deny injunctive relief and fashion some sort of other equitable relief in its stead). It is not readily apparent how body cameras are relevant to remedy an ADA or RA violation. Furthermore, monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). Plaintiff's complaint contains no allegation involving discriminatory intent.

Based on the foregoing, this claim shall be dismissed with leave to amend to allege sufficient facts to establish a claim under the ADA and/or the RA against Defendant SVSP, if Plaintiff can do so in good faith, and to state an appropriate form of relief.

### C. Conspiracy

Plaintiff claims that all the named Defendants conspired to assault him. Dkt. No. 1-1 at 17-20.

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id.* To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id.* A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856-57.

Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation; the fact of the

6

conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired. *Id.* Conspiracy in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine, or to aid in proving claims against otherwise tenuously connected parties in a complex case.

Liberally construed, Plaintiff states a conspiracy claim against Defendants Serrato, Guijarro and Akin based on their alleged concerted actions in the excessive force incident. Furthermore, Plaintiff also states a conspiracy claim against Defendant Diaz for her part in allegedly filing a false RVR in which Defendants' actions are presented as justified. Dkt. No. 1-1 at 20.

### D.     "1965 Civil Rights Act"

Plaintiff claims Defendants violated the "1965 Civil Rights Act" because the "motive for their actions was racial prejudice." Dkt. No. 1-1 at 17-20. Plaintiff asserts this based on the fact that the incident occurred on a "Black Holiday; Juneteenth the day the Black Americans celebrate the end of slavery in the United States." *Id.* at 10. However, there is no "1965 Civil Rights Act." Perhaps Plaintiff is referring to the Civil Rights Act of 1964 under Title VI, 42 U.S.C. § 2000d et seq. Be that as it may, to the extent that Plaintiff is alleging discriminatory intent, the Court will liberally construe this claim as one under the Equal Protection Clause of the Fourteenth Amendment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state

7

actor acted at least in part because of the plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that "class of one" claim requires only that action be irrational and arbitrary, rather than requiring discriminatory intent).

Plaintiff's allegations are simply insufficient to state an equal protection claim because he fails to explain how Defendants discriminated against him because of his membership in a protected class. It is not enough that the incident took place on a "Black Holiday" to establish racial prejudice. Plaintiff must at least describe similarly situated prisoners who received different treatment than Plaintiff such that Defendants' actions towards him were irrational and arbitrary. Accordingly, this claim is also dismissed with leave to amend for Plaintiff to attempt to state sufficient factual allegations to support an equal protection claim against each Defendant whom he believes is responsible for the discriminatory treatment.

**E.    Due Process**

Plaintiff claims Defendant Diaz filed a false Rule Violation Report ("RVR") against Plaintiff, and that Defendant Akin is responsible for falsifying documents to cover up Defendants' wrongful actions and for reviewing and approving the related reports. Dkt. No. 1-1 at 19, 20. Liberally construed, Plaintiff appears to be attempting to state a due process claim.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules

8

violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections[1] if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). The fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

Plaintiff's allegations are insufficient to state a due process claim against Defendants Diaz and Akin because he does not describe what deprivations he suffered during the disciplinary proceedings, whether he was found guilty, and if so, what sanctions he received as a result of a guilty finding to trigger *Wolff's* procedural protections. Furthermore, even if the sanctions were severe enough to trigger *Wolff*, Plaintiff must allege that he was actually deprived of at least one of *Wolff's* protections. Plaintiff is also

---

[1] *Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570.

advised that if the procedurally protected liberty interest of which the prisoner is deprived during the disciplinary process is restored during the prison administrative appeal process, the prisoner does not have a due process claim. *See Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored).

Plaintiff shall be granted leave to amend this claim to allege sufficient facts to state a due process claim against Defendant Tapia, if he can do so in good faith.

### F. Eleventh Amendment Immunity

Plaintiff sues each Defendant in his "individual and official capacity." Dkt. No. 1-1 at 17-20.

The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). The U.S. Supreme Court has held that state officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. *Id.* Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacity. *See id.* Such claims for damages must be dismissed.

In preparing an amended complaint, Plaintiff is advised to state that he is suing these individual Defendants only in their *individual* capacity, and not in an official capacity.

///

///

///

10

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint states the following cognizable claims: (1) excessive force claims against Defendants Serrato, Guijarro, and Akin; and (2) conspiracy to commit assault against Defendants Serrato, Guijarro, Akin, and Diaz.

2. Plaintiff's claim for damages against Defendants in their official capacity is **DISMISSED with prejudice** as barred by the Eleventh Amendment.

3. The following claims are **DISMISSED with leave to amend**: (1) ADA/RA claim against all Defendants; (2) equal protection claim against all Defendants; and (3) due process claims against Defendants Diaz and Akin.

Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-05832 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice in the same time provided that he wishes to strike the deficient claims from the complaint and proceed solely on the cognizable claims identified above. The Court will order those claims stricken, and the matter shall proceed on the cognizable claims against the relevant Defendants.

4. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of all the deficient claims under paragraph 3 for failure to state a claim for relief. The matter will then proceed based on the**

11

**cognizable claims identified under paragraph 1.** *See supra* at 11.

5. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __March 28, 2023___

                                                                    /s/ Beth Labson Freeman
                                                                    BETH LABSON FREEMAN
                                                                    United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\05832Washington_dwlta

12