UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE B. WASHINGTON,<br><br>                Plaintiff,<br><br>        v.<br><br>J. SERRATO, et al.,<br><br>                Defendants. | Case No. 22-cv-05832 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION**<br><br><br>(Docket No. 63) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Settlement proceedings were unsuccessful, and therefore this matter is proceeding to trial. Dkt. No. 57. The Court referred this matter to the Federal Pro Se Program to find counsel if possible and stayed the case. Dkt. No. 59.

Plaintiff has filed a request for a preliminary injunction. Dkt. No. 63. He asserts that he was recently transferred to SVSP from High Desert State Prison so that he could face criminal charges in Monterey County Superior Court, "specifically related to the claims in this civil action." *Id.* at 1-2. Apparently, the district attorney filed charges for battery against Plaintiff, based on the underlying incident of this action. *Id.* at 2. Plaintiff states that shortly after he arrived at SVSP, he was attacked by a group of unknown

inmates on January 31, 2025. *Id.* He was taken to Natividad Hospital for treatment. *Id.* When he returned to SVSP, he was housed back in the same unit as the inmates who had attacked him. *Id.* at 3. The next day, Plaintiff was transferred to Wasco State Prison "for his own safety." *Id.* Plaintiff states that he was informed by an ad-seg sergeant that "he was sent here due to safety and security concerns." *Id.* Plaintiff states that he has to return to Monterey County Superior Court on February 26, 2025. *Id.* at 4. Plaintiff seeks an injunction prohibiting his being housed at SVSP or the Correctional Training Facility in Soledad for the pendency of this action "due to credible claims of retaliatory reprisals." *Id.*

An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* Here, the only parties to this action are Plaintiff and the four defendants who were correctional officers at SVSP. There is no indication that any of these four defendants are involved with Plaintiff's housing situation such that an injunction, if it were warranted, could be enforced against them.

Even if defendants were involved, Plaintiff has failed to establish that a preliminary injunction is warranted. "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether

2

the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

Plaintiff makes no assertion in his motion that a preliminary injunction is merited under *Winter*. Rather, he asserts that safety concerns merits an injunction, which may be construed as asserting irreparable harm, the second *Winter* factor. However, Plaintiff has failed to establish the first factor, i.e., likelihood of success of the claims in this action, especially in light of the fact that criminal charges have been filed against him for the alleged assault on Defendants Serrato and Akin. Dkt. No. 63 at 2. Because Plaintiff has failed to establish the first *Winter* factor, the Court need not consider whether he would suffer irreparable injury. *See Guzman*, 552 F.3d at 948. Because his request fails to establish all four *Winter* factors, it cannot be said that Plaintiff has established *by a clear showing* that he merits the granting of the extraordinary remedy of a preliminary injunction. *See Lopez*, 680 F.3d at 1072. Accordingly, the motion for a preliminary injunction is **DENIED**.

This order terminates Docket No. 63.

**IT IS SO ORDERED.**

Dated: _February 21, 2025_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Request for PI
PRO-SE\BLF\CR.22\05832Washingtonv_deny-pi

3