UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE B. WASHINGTON,<br>　　　　Plaintiff,<br>　　v.<br>J. SERRATO, et al.,<br>　　　　Defendants. | Case No. 22-cv-05832 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR SANCTIONS**<br><br>(Docket No. 65) |

　　　Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Settlement proceedings were unsuccessful, and therefore this matter is proceeding to trial. Dkt. No. 57. The Court referred this matter to the Federal Pro Se Program to find counsel if possible and stayed the case. Dkt. No. 59.

　　　Plaintiff has filed a request for judicial notice and sanctions against Defendants for "failure to disclose crucial evidence during discovery." Dkt. No. 65. He asserts that Defendants' counsel failed to disclose information regarding Defendants Akin and Serrato which he asserts was "critical both to the court's analyzation of the evidence in this case including defendants' character and trait; and it denied Plaintiff the opportunity to obtain further information regarding this matter including declarations of Herrera." *Id.* at 2.

Federal courts' "inherent powers" include the "discretion ... to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Sanctions imposed under the court's inherent power for bad faith includes reckless conduct combined with an additional factor such as frivolousness, harassment, or an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 998 (9th Cir. 2001).

Plaintiff has failed to show that Defendants abused the judicial process or acted in bad faith. First of all, Plaintiff does not claim that he properly requested the specific discovery and that Defendants failed to provide it. Nor has Plaintiff established that this discovery was the type that Defendants had a duty to disclose under the Federal Rules of Civil Procedure. Furthermore, the Court is not persuaded that this information would have changed its analysis of the claims and its ruling on Defendants' summary judgment motion which it denied. Accordingly, the motion for sanctions is **DENIED**.

This order terminates Docket No. 65.

**IT IS SO ORDERED.**

Dated:   __April 30, 2025_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Request for Sanctions
PRO-SE\BLF\CR.22\05832Washingtonv_deny-sanctions